IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER NEAL JEPPSON.,<br><br>Defendant. | ORDER<br><br>and<br><br>MEMORANDUM OPINION<br><br>Case No. 2:06-CR-314-TC |

      This matter comes before the court on Defendant Christopher Neal Jeppson's Motion for New Trial Based on Newly Discovered Evidence and/or Violation of Brady v. Maryland. (Dkt. No. 130.) The court has reviewed Mr. Jeppson's motion and the response of the United States and is very familiar with the facts of this case. Because none of the new and/or allegedly suppressed evidence is material to Mr. Jeppson's case, his motion is DENIED.

      Initially, Mr. Jeppson has described the "newly discovered" testimony and statements of over a dozen individuals who did not testify at his trial. But Mr. Jeppson does not argue, because he cannot, that any of this evidence directly bears on the central questions of his case: whether Mr. Jeppson committed perjury and whether that perjury obstructed the investigation into the disappearance of Kiplyn Davis. In fact, most of the evidence Mr. Jeppson describes has no conceivable bearing on those issues. Consequently, none of this newly discovered evidence forms the basis to order a new trial. See United States v. Combs, 267 F.3d 1167, 1176 (10th Cir. 2001) (new evidence must be "material to the principal issues involved" to merit a new trial). For the same reason, even assuming for purposes of this motion only that the United States

suppressed this evidence, a fact which the United States strongly dispute, the United States did not commit a violation of Brady v. Maryland, 373 U.S. 83 (1963) by doing so. See Combs, 267 F.3d at 1172 (suppressed evidence must be "favorable to the defendant" and "material" to violate Brady).

Relatedly, Mr. Jeppson argues that he did not know about other people's alleged inconsistencies and lies in their testimony and statements during the investigation when he cross examined Special Agent Anderson at trail. But, as already explained, none of that evidence was directly material to whether or not Mr. Jeppson's lies obstructed the investigation. At most, Mr. Jeppson could have attempted to impeach Agent Anderson with that evidence. But newly discovered impeachment evidence does not warrant a new trial. See Combs, 267 F.3d at 1176.

Neither does Mr. Jeppson's discovery that Jeanine Jeppson may have committed perjury in a state court custody proceeding call for a new trial. Again, assuming only for purposes of argument that Ms. Jeppson did submit a false statement in a verified pleading in that proceeding, that statement was unrelated to what Mr. Jeppson told her. Consequently, Mr. Jeppson could have at most used Ms. Jeppson's alleged perjury to impeach her as a witness.

Mr. Jeppson also argues that he discovered after trial that Richard Davis had apparently not reported to authorities a visit Mr. Jeppson made to him before a certain date. Mr. Davis' supposed failure to mention the visit to investigators was at most impeachment evidence.

Finally, Mr. Jeppson's estoppel argument regarding the admission of polygraph results is without merit.

For the reasons stated above, Mr. Jeppson's motion for a new trial is DENIED.

SO ORDERED this 25th day of June, 2008.

                                                      BY THE COURT:

                                                      TENA CAMPBELL
                                                      Chief District Judge